WILLIAM H. WANAMAKER, JR., AND BESSIE D. BREMER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11136, 12689. Promulgated December 12, 1927.

*Joseph H. VanDorn, C. P. A.*, and *Randolph W. Child, Esq.*, for the petitioners.

*Frank W. Gibbs, Esq.*, for the respondent.

## OPINION.

TRUSSELL: These cases have been presented and argued on the theory that the building maintained by the petitioners on land located at 1217–1219 Chestnut Street, Philadelphia, was a temporary building maintained only for the purpose of producing such an amount as would meet the fixed carrying charges upon the land and building, and that as such a building its useful economic life should be estimated as not more than 11 years from the time the petitioners acquired it in 1920. It has been argued on behalf of the petitioner that the practice of maintaining temporary buildings on land in the larger cities only for purposes of producing a sufficient amount to pay taxes and fixed carrying charges on the land is a well established practice and must be given consideration in the adjustment of exhaustion allowance under the income-tax acts. In this case the Commissioner has allowed an exhaustion deduction based on a life of 40 years. Petitioners appear to concede that that allowance is fair and reasonable if ordinary wear and tear alone is considered but that it is not reasonable when considered in connection with obsolescence.

Much stress has been laid upon the admitted facts that the income produced by this property is a wholly inadequate return upon the investment. This may be readily conceded. We believe, however, that owners of land located as is the land here under consideration, are not looking to the net rents from property for their return upon their investment but are looking to the increased value of the land, when the same may be sold at a satisfactory profit or its uses changed, and there is nothing in this record and we know of no basis upon

which to estimate when a satisfactory profitable sale of this property may become probable or when business and financial conditions may appear to warrant the present owners in so improving their property as to produce adequate money return upon their investment.

The record shows the total of expenses which the owners have charged against the rents of this property but it does not show what items are included in that total and whether there are other items than local taxation and ordinary building repairs. The record also shows that during the years 1920 to 1923, inclusive, the assessed valuation of this property was $480,000, and for the years 1924 and 1925 it was $500,000, but petitioners have failed to furnish any other evidence respecting any gradual increase of assessed valuations or whether the tax rate upon assessed valuations is stationary, increasing, or diminishing. And, if it may be argued that this building were to become obsolete at the time when its gross rentals will cease to meet the necessary carrying charges, we are furnished with no basis upon which we can make a finding as to whether that time will arrive at the end of 11 years as estimated by the petitioners or at some other undetermined date. We are, therefore, of the opinion that upon the present record the exhaustion allowance of 2½ per cent allowed by the Commissioner can not be determined to be inadequate. The deficiencies should be recomputed in accordance with the foregoing findings of fact and this opinion.

*Judgment will be entered upon 15 days' notice, pursuant to Rule 50.*

Considered by LITTLETON, SMITH, and LOVE.